IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALFREDO ORTEGA-MORGADO,<br><br>Defendant. | No. CR08-4058-DEO<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS** |

This matter is before the court for review and recommended disposition of the defendant's motion to dismiss (Doc. No. 14). The defendant Alfredo Ortega-Morgado ("Ortega") claims the plaintiff (the "Government") has violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The following chronology of events forming the basis for Ortega's motion is undisputed by the parties.

On September 28, 2007, a five-count Indictment was returned against Ortega in Case No. CR07-4058-MWB, charging him with possession of a forged Social Security card and identification card in violation of 18 U.S.C. § 1546(a); falsely representing a Social Security number to be his own while applying for a job, in violation of 42 U.S.C. § 408(a)(7)(B); making a false claim of United States citizenship, in violation of 18 U.S.C. § 1015(e); aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and being an alien unlawfully in the United States, in violation of 8 U.S.C. § 1326(a).

On October 4, 2007, Ortega was seen for his initial appearance in this court, and the seventy-day speedy trial clock began to run. 18 U.S.C. § 3161(c)(1). Trial was scheduled for December 3, 2007.

On October 25, 2007, the Honorable Mark W. Bennett of this court entered an opinion in *United States v. Montero*, 520 F. Supp. 2d 1079 (N.D. Iowa 2007), in which he held that in order to prove aggravated identity theft under 18 U.S.C. § 1028(a)(1), the

Government must show "the defendant knew that the means of identification belonged to another person." *Salazar*, 520 F. Supp. 2d at 1094.

On December 3, 2007, Ortega filed a motion to continue the trial. The motion was granted the same day and the trial was continued to January 7, 2008. In the order granting the motion, the court excluded the time from the date of the motion to the date of trial for purposes of speedy trial calculations. Fifty-nine days had run on the speedy trial clock at the time of Ortega's motion to continue.

On December 27, 2008, Ortega informed the court that he wanted to change his plea to guilty. The court struck the trial and scheduled a plea hearing for January 8, 2008, excluding speedy trial time until that date. When Ortega appeared for the plea hearing, he informed the court that he had changed his mind and he did not wish to change his plea. The case was returned to the active trial docket, and trial was scheduled for January 14, 2008.

On January 9, 2008, Ortega informed the court that he intended to plead guilty to Counts 1, 2, 3, and 5 of the Indictment, and go to trial on Count 4, the aggravated identity theft count. The court scheduled a plea hearing for January 22, 2008, noting trial would go forward on January 14, 2008, on Count 4.

On January 10, 2008, Ortega filed a motion to continue the trial. The motion was granted, and the trial was rescheduled for March 3, 2008, with speedy trial time excluded to the date of trial.

On January 22, 2008, the Government notified the court that Count 4 would be dismissed at the time Ortega was sentenced on Counts 1, 2, 3, and 5.

On February 12, 2008, the court granted the Government's motion to dismiss Count 4, without prejudice.

On March 4, 2008, Ortega was sentenced on Counts 1, 2, 3, and 5, receiving a sentence of twelve months in prison.

On March 28, 2008, the Eighth Circuit Court of Appeals held that in order to prove aggravated identity theft under 18 U.S.C. § 1028(a)(1), the Government *does not* have to prove the defendant knew the means of identification at issue belonged to another person. *United States v. Mendoza-Gonzales*, 520 F.3d 912, 915 (8th Cir. 2008).

On May 29[1], 2008, in the present case, the Government obtained a new Indictment against Ortega, charging him with aggravated identity theft in a single count that is identical to Count 4 that was dismissed in Case No. CR07-4058-MWB. On June 24, 2008, Ortega appeared in this court and entered a plea of not guilty to the new Indictment.

The time between dismissal of Count 4 in the first case and Ortega's arraignment in the present case is excluded for purposes of speedy trial calculations. *See* 18 U.S.C. § 3161(h)(6). However, rather than the speedy trial clock beginning to run anew, because Ortega was re-indicted on the same charge that was dismissed previously, the speedy trial clock continued to run from the date of the first indictment, with appropriate exclusions. *See United States v. Leone*, 823 F.2d 246 (8th Cir. 1987). Thus, the Government had eleven days from June 24, 2008, to bring Ortega to trial. At the time of Ortega's motion to dismiss, filed July 11, 2008, seventeen days had run.

Ortega seeks dismissal of the case based on the Government's failure to bring him to trial within seventy days as required by the Speedy Trial Act. The Government agrees that pursuant to 18 U.S.C. § 3162(a)(2), the current Indictment must be dismissed based on failure to bring Ortega to trial within seventy days. (Doc. No. 15, p. 2) However, whereas Ortega requests a dismissal with prejudice, the Government argues the dismissal should be without prejudice. This is the issue Ortega's motion brings before the court.

Congress has specified factors the court must consider in determining whether a case should be dismissed with or without prejudice:

---

[1]Ortega misstates the date of the new indictment as April 29, 2008. Doc. No. 15, p. 2.

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.

18 U.S.C. § 3162(a)(1). Neither remedy is preferred; rather, the court must perform a balancing test, carefully applying the factors set forth in section 3162. *See United States v. Taylor*, 487 U.S. 326, 335 & n.8, 108 S. Ct. 2413, 2418-19 & n.8, 101 L. Ed. 2d 297 (1988) (citing, *inter alia*, *United States v. Kramer*, 827 F.2d 1174 1176 (8th Cir. 1987)). When the district court considers the statutory factors properly, its factual findings are not clearly in error, and the court explicates its reasons for dismissing the case with or without prejudice, "the district court's judgment of how opposing considerations balance should not lightly be disturbed." *Taylor*, 487 U.S. at 337, 108 S. Ct. at 2421.

The first factor the court must consider is the seriousness of the offense. Here, Ortega is charged with the crime of aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1), which provides as follows:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). In this case, the applicable felony violations "enumerated in subsection (c)" are those found in subsection (c)(4), falsely stating he was a United States citizen in order to gain employment in violation of 18 U.S.C. § 1015(e); subsection (c)(7), misuse of immigration documents in violation of 18 U.S.C. § 1546(a); subsection (c)(10), illegal reentry in violation of 8 U.S.C. § 1326(a); and subsection (c)(11), misuse of another's Social Security number, in violation of 42 U.S.C. § 408(A)(7)(B).

The Government argues the charge of aggravated identity theft is, by its very nature, a serious offense. It requires that the defendant be involved in another felony at the time of the offense, and it carries a mandatory two-year prison term that usually must be served consecutively to the sentences on the concurrent offenses of conviction. (*See* Doc. No. 15, pp. 3-4) However, as the Government points out, the court also may consider the nature of the conduct alleged in the case. *See, e.g.*, *United States v. Elmardoudi*, 501 F.3d 935, 941 (8th Cir. 2007). In this case, all of the charges against Ortega arise from his entry into the United States and use of false identity documents for the purpose of gaining employment. These circumstances are significantly different from the case where a perpetrator steals another's identity for the purpose of misusing the victim's credit cards or otherwise causing the victim to suffer personal or financial harm. In this case, Ortega procured false identity documents so he could work. Although the identity he was using apparently belonged to a "real" person, there is no evidence Ortega was aware of that fact, or that the person was harmed in any way by Ortega's conduct.

While the Eighth Circuit's decision in *Mendoza-Gonzales* makes it clear the Government does not have to prove Ortega knew the means of identification he was using belonged to another person to convict him on the charge, the court nevertheless finds that fact important in determining whether the conduct was "serious" for purposes of the present analysis. Ortega maintains he was not aware the identity he was using belonged to another person, and it is apparent the Government has no evidence to the contrary. Otherwise, the Government likely would not have dismissed Count 4 in the first case in the wake of Judge Bennett's decision.

In addition, this is not a case where there was any real "victim" of the crime, or where the predicate felony underlying the charge was a violent crime, a drug-related crime, or a crime involving an attempt to commit any other fraudulent action beyond the false representation by Ortega of his identity. A careful balancing of the charged offense

and penalties against the nature of the conduct leading to the offense leads the court to conclude the first factor under 18 U.S.C. § 3162 weighs strongly in favor of dismissal with prejudice.

The second factor the court must consider is the facts and circumstances that led to the dismissal. After Ortega was charged in the first case, Judge Bennett held that to prove aggravated identity theft, the Government must show the defendant knew the identity he was using belonged to another "real" person. *United States v. Montero, supra*. Because the Government apparently could not prove Ortega knew the identity he was using belonged to another, the Government dismissed the aggravated identity theft count. Subsequently, the Eighth Circuit held the Government does not have to prove the defendant knew he was using the identity of another, only that he knew the identity he was using was false. *United States v. Mendoza-Gonzales, supra*.

The Government could have sought a continuance of the case pending a decision in *Mendoza*. Instead, the Government chose to dismiss Count 4 after Ortega pled guilty to the other charges in the indictment. The Government waited two months after *Mendoza* was decided before re-indicting Ortega, and then failed to bring him to trial within the time required by the Speedy Trial Act. Although there is nothing in the record to indicate the cause for the delay, the court finds the Government did not evidence any bad faith. On balance, the facts and circumstances leading to dismissal do not weigh either for or against dismissal with or without prejudice.

The third factor the court must consider is the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice. The parties offer no useful argument on this factor, leaving the court with only the general observation that "[w]henever the government -- for whatever reasons -- falls short of meeting the Act's requirements, the administration of justice is adversely affected." *United States v. Moss*, 217 F.3d 426, 432 (6th Cir. 2000) (internal quotation marks, citations omitted). Thus,

consideration of the third factor under 18 U.S.C. § 3162 tips the scale only slightly in favor of dismissal with prejudice. As the Supreme Court observed in *Taylor*, "It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely toi ndu8ce salutary changes in procedures, reducing pretrial delays." *Taylor*, 487 U.S. at 342, 108 S. Ct. at 2422.

The court must consider any prejudice to the defendant resulting from the speedy trial violation. Ortega has failed to show he has suffered any real prejudice from his re-indictment on the aggravated identity theft charge.

The court has weighed the statutory factors carefully, and, for the reasons discussed above, concludes Ortega's motion to dismiss should be granted, and the dismissal should be with prejudice.

Objections to this Report and Recommendation must be filed by **July 23, 2008**. Responses to objections must be filed by **July 25, 2008**.

**IT IS SO ORDERED.**

**DATED** this 18th day of July, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT